CHARLES WROUGHTON, Appellee, v. THOMAS E. WAFFLE, Appellant.

**Sales.** AFFIRMANCE OF JUDGMENT. Where there is any testimony 1 fairly tending to support a judgment in a law action, it will not be disturbed.

**Breach of Contract:** MONEY DEMAND. Where one purchases prop- 2 erty, agreeing to pay therefor in labor as requested, but neglects to perform the service and before payment sells the property, there is sufficient evidence of a breach of the contract to convert the debt into a money demand.

*Appeal from Ringgold District Court.*—HON. H. M. TOWNER, Judge.

FRIDAY, JANUARY 29, 1904.

ACTION at law to recover value of a printing press and outfit sold to the defendant. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*A. J. Smith* for appellant.

*R. C. Henry* for appellee.

WEAVER, J.—Plaintiff sold defendant a printing outfit at an agreed price of $1,000, taking defendant's promissory note therefor. Later a new agreement was made, by which the selling price was reduced to $900, and this sum was to be paid in the labor and material required for printing a certain poultry journal for one year. Still later the undertaking to print the poultry journal was abandoned, and plaintiff agreed to accept the amount of his claim in other job printing, to be done as called for. After doing certain jobs under

this agreement to the amount of about $100, defendant sold the printing press and material to one Everly, taking in payment forty acres of land. There is evidence tending to show that at different times plaintiff called upon defendant to do certain jobs of printing, and that at least some of these demands were never complied with. Upon these facts plaintiff asks a money judgment for the unpaid remainder of the principal sum and interest after giving credit for work performed in the sum of $100.

I. Appellant's argument is devoted almost entirely to a review of the evidence, and a contention that it does not sustain the judgment of the trial court. The action, as we have seen, is one at law, and, if there be any testimony fairly tending to sustain the finding below, we are not at liberty to reverse the judgment upon the ground here urged, even though, as an original question, we might have reached a different conclusion. This principle has been too often announced to require citation of authorities. The judgment has adequate support in the record.

II. Appellant next urges that, although he had sold the printing office and thus put it out of his power to perform his agreement in person, he had arranged with his purchaser to do such job work as plaintiff might call for. We do not think defendant can thus, without plaintiff's consent, substitute another in the service which he himself agreed to perform. Or, even if this ground be not tenable as a general proposition, there is in this case sufficient evidence of defendant's neglect and refusal to do the work when asked therefor to convert plaintiff's claim into a money demand and entitle him to the recovery awarded below.

We see no reversible error in the record, and the judgment is AFFIRMED.